UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| DIANE L. RHODES-LYONS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-cv-1906-LRH-CWH |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA; et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Defendants' motion to dismiss filed on April 03, 2012. Doc. #8[1]. Plaintiff Diane L. Rhodes-Lyons filed her response on April 16, 2012. Doc. #11. Thereafter, Defendants filed their reply on April 24, 2012. Doc. #13.

**I.   Facts and Procedural History**

Plaintiff owes undisputed back taxes for the tax years 2003-2008 in the amount of $28,287.88. On September 4, 2009, Plaintiff and Defendants Desiree Harkema and Leslie Rogers (in their capacity as officer and officer-in-training of the Internal Revenue Service, respectively) agreed that Plaintiff would pay $583 a month until her tax obligations were satisfied. This agreement was documented on a Form 9297 Summary of Taxpayer Contract. Doc. #7, Exh. 2.

Plaintiff made two successive payments, but before she could pay her third payment she

---

[1] Refers to the court's docket entry number.

was served with a notice of levy on wages, salary, and other income. The levy lasted ten weeks, during which time Plaintiff suffered a severe financial hardship which allegedly resulted in her losing her residence, moving in with her daughter, closing her bank account, and losing furniture with an approximate value of $7500. The excess levied monies were eventually returned to Plaintiff.

On February 7, 2012, Plaintiff filed a complaint against Defendants for unauthorized collection of taxes pursuant to 26 U.S.C. § 7433. Doc. #7. In response, Defendants filed the present motion for dismissal. Doc. #8.

**II.    Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

In their motion to dismiss, Defendants present four grounds to dismiss Plaintiff's action. First, Defendants assert that the United States is the only proper defendant in an action for damages under 26 U.S.C. §7433 and, therefore, the claims against the other defendants should be dismissed. Second, Defendants claim that Plaintiff failed to exhaust her administrative remedies and is thus barred from bringing the present action. Third, Defendants assert that Plaintiff's damages are statutorily limited to her actual pecuniary damages. Fourth, Defendants contend that this court lacks jurisdiction to set aside Plaintiff's tax assessments for the tax years 2003-2008. The court will address each argument in turn.

#### A. Claims as to Non-United States Parties

Under 26 CFR 301.7433-1(a), a taxpayer may bring a civil action related to the unauthorized collection of taxes against the United States for damages in a district court of the United States. An action against agencies of the United States is deemed to be an action against the

3

United States. (*Dugan v. Rank*, 372 U.S. 609, 613 (1962)(*citing Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947)(stating that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain). Likewise, where a suit is against IRS employees in their official capacity, it is essentially a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

Here, the United States concedes that it is the proper defendant in this action and that it has been effectively served pursuant to Fed. R. Civ. P. 4(i)(1). Further, the complaint only alleges that defendants Harkema and Rogers acted in their official capacity in their dealings with Plaintiff. Thus, this action is solely against the United States. Accordingly, the court shall grant Defendants' motion as to this issue and dismiss the Internal Revenue Service, the Department of the Treasury, and individual defendants Desiree Harkema and Leslie Rogers.

### B. Exhaustion of Administrative Remedies

In its motion, the United States argues that Plaintiff's complaint should be dismissed for failure to exhaust her administrative remedies. Under 26 CFR 301.7433(d)(1), a judgment for damages shall not be awarded unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service. The taxpayer must advance in the administrative proceeding any contention it wishes to pursue in court. *Apollo Fuel Oil v. United States*, 195 F.3d 74, 77 (2d. Cir. 1999).

Here, it is undisputed that Plaintiff filed an administrative claim with the Internal Revenue Service and that it was denied. *See* Doc. #7, Exhibit 1. Further, the denial of the administrative claim stated that Plaintiff was not entitled to additional administrative appeals of the decision, but that she could file a civil action in federal district court for damages under Treasury Regulation 301.7432-1. Therefore, the court finds that plaintiff exhausted her administrative remedies.

Additionally, the court finds that Plaintiff's complaint alleges sufficient economic damages to survive a motion to dismiss. The United States argues that the alleged damages and claims in a

complaint must be reasonably encompassed by those made at the administrative level to provide the IRS with adequate information to consider and dispose of the claims without the need for litigation, and thus to avoid surprise. *See Angle v. United States*, 996 F.2d 252, 254 (10th Cir. 1993). Here, Plaintiff's claim has not varied significantly from her original administrative claim. Plaintiff is still alleging monetary damages related to the unauthorized collection of taxes. Accordingly, the United States's motion to dismiss for failure to exhaust administrative remedies is denied.

### C. Nonpecuniary Damages

Under 26 CFR 301.7433-1(b), Plaintiff's recovery for the United States's unauthorized collection of taxes is limited to the lesser of $100,000 or the sum of the actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless, intentional, or negligent actions of the officer or employee, and the costs of the action. Further, injuries such as inconvenience, emotional distress and loss of reputation are compensable only to the extent that they result in actual pecuniary damages. 26 CFR 301.7433(b)(1).

Here, Plaintiff requests $120,000 for direct economic damages and $100,000 for non-pecuniary damages.  However, her direct economic damages are statutorily limited to $100,000. 26 C.F.R. 301.7433-1(b). Further, Plaintiff's non-pecuniary damages are only compensable to the extent that they are tied to actual pecuniary loss - an amount already represented in her claim for direct economic damages. 26 C.F.R. 301.7433(b)(1). Thus, Plaintiff's damages claim shall be limited to the statutory maximum of $100,000.

### D. Abatement of Federal Income Taxes

In her complaint, Plaintiff also seeks to have her tax assessments for the tax years 2003-2008 set aside and dismissed as a result of the IRS's material breach of the parties' tax-payer agreement. This court is without jurisdiction to consider such a claim for relief and may only consider a properly-brought claim for refund of income taxes if they are paid in full. *Flora v. United States*, 362 U.S. 145, 177 (1960). Further, § 7433 is not intended to supplement or

supersede, or to allow taxpayers to circumvent procedures for litigating the merits of an assessment, which are outlined in I.R.C. §§6511, 6532, 7422. *See McMillen v. United States Department of Treasury*, 960 F.2d 187, 190 (1st Cir. 1991). Accordingly, Plaintiff's request for abatement of federal income taxes is dismissed.

IT IS THEREFORE ORDERED that the United States's motion to dismiss (Doc. #8) is GRANTED in part and DENIED in part in accordance with this order. Defendants Desiree Harkema, Leslie Rogers, Department of the Treasury, and Internal Revenue Service are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 22nd day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE