```
                          UNITED STATES DISTRICT COURT

                                 DISTRICT OF NEVADA

                                        * * *
                                            )
DIANE L. RHODES-LYONS,                      )
                                            )
            Plaintiff,                      )   2:11-cv-1906-LRH-CWH
                                            )
    v.                                      )
                                            )   ORDER
UNITED STATES OF AMERICA; et al.,           )
                                            )
            Defendants.                     )
                                            )
```

Before the court is defendant the United States of America's ("United States") motion for summary judgment. Doc. #23.[1] Plaintiff Diane L. Rhodes-Lyons ("Rhodes-Lyons") filed an opposition (Doc. #25) to which the United States replied (Doc. #29).

I.  **Facts and Procedural History**

Plaintiff Rhodes-Lyons owes undisputed back taxes for the tax years 2003-2008 in the amount of $28,287.88. On September 4, 2009, Rhodes-Lyons entered into an agreement with the United States in which she would pay $583 a month until her back tax obligations were satisfied. This agreement was documented on a Form 9297 Summary of Taxpayer Contract. Doc. #7, Exhibit 2.

//

---

[1] Refers to the court's docket entry number.

Rhodes-Lyons made two successive payments, but before she could pay her third installment she was served with a notice of levy on wages, salary, and other income. During the levy, Rhodes-Lyons moved out of her apartment and gave away various personal property and furniture.

On February 7, 2012, Rhodes-Lyon filed a complaint against the United States challenging the levy on her wages, and bank accounts, and alleging that the levy caused economic damages including the loss of personal property and furniture. Doc. #7. Thereafter, the United States filed the present motion for summary judgment. Doc. #23.

## II.  Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the

2

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III.  Discussion

Rhodes-Lyons brings her complaint pursuant to Section 7433 of the Internal Revenue Code, found at 26 U.S.C. § 7433. Section 7433 allows taxpayers to recover the actual economic loss caused by the disregard of the Internal Revenue Code, or its regulations, by the Internal Revenue Service's employees during the collection of federal tax obligations so long as those economic losses are a proximate cause of the employees' conduct. 26 U.S.C. §§ 7433(a)-(b).

In her complaint, Rhodes-Lyons claims that as a result of the improper levy she was forced to move out of her apartment and thereby sustained damages including the loss of personal property and furniture. Doc. #7. The court has reviewed the documents and pleadings on file in this matter and finds that Rhodes-Lyons has failed to establish that the levy was the proximate cause of her economic losses. First, it is undisputed that she suffered no economic losses as a result of the IRS levy on her bank account because the levy failed to return any funds. Second, it is also undisputed that the IRS recovered less money from the wage levy than Rhodes-Lyons was required to pay under the repayment agreement. Thus, the damages she sustained, including moving out of her apartment, would have occurred regardless of the levy as she would have had to pay more money to the IRS per the agreement. Finally, there is no evidence before the court that Rhodes-Lyons would have been able to maintain her apartment given her other monetary obligations had the levy not been in effect. Therefore, the court finds that there is no proximate cause that the IRS levy caused

3

1 the alleged economic losses. Accordingly, the court shall grant the United States' motion for
2 summary judgment.
3      IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #23)
4 is GRANTED. The clerk of court is directed to enter judgment in favor of defendant the United
5 States of America and against plaintiff Diane Rhodes-Lyons.
6      IT IS FURTHER ORDERED that plainitff's motion for jurisdiction (Doc. #28) is DENIED.
7      IT IS SO ORDERED.
8      DATED this 24th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE