UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIANE L. RHODES-LYONS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>　　　　Defendants. | 2:11-cv-1906-LRH-CWH<br><br>ORDER |

Before the court is plaintiff Diane L. Rhodes-Lyons ("Rhodes-Lyons") motion for reconsideration of the court's order granting defendant the United States of America's ("United States") motion for summary judgment (Doc. #30[1]). Doc. #32. The United States filed an opposition (Doc. #33) to which Rhodes-Lyons replied (Doc. #34).

**I.　　Facts and Procedural History**

Plaintiff Rhodes-Lyons owes undisputed back taxes for the tax years 2003-2008 in the amount of $28,287.88. On September 4, 2009, Rhodes-Lyons entered into an agreement with the United States in which she would pay $583 a month until her back tax obligations were satisfied. This agreement was documented on a Form 9297 Summary of Taxpayer Contract. Doc. #7, Exhibit 2.

---

[1] Refers to the court's docket entry number.

1  Rhodes-Lyons made two successive payments, but before she could pay her third
2 installment she was served with a notice of levy on wages, salary, and other income. During the
3 levy, Rhodes-Lyons moved out of her apartment and gave away various personal property and
4 furniture.
5  On February 7, 2012, Rhodes-Lyon filed a complaint against the United States challenging
6 the levy on her wages, and bank accounts, and alleging that the levy caused economic damages
7 including the loss of personal property and furniture. Doc. #7. In response, the United States filed a
8 motion for summary judgment (Doc. #23) which was granted by the court (Doc. #30). Thereafter,
9 Rhodes-Lyons filed the present motion for reconsideration. Doc. #32.

10 **II.    Discussion**

11  A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the
12 interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,
13 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior
14 order where the court is presented with newly discovered evidence, an intervening change of
15 controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P.
16 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J,*
17 *Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

18  The court has reviewed the documents and pleadings on file in this matter and finds that
19 reconsideration of the court's prior order is not warranted. In her motion, Rhodes-Lyons simply
20 states the court's order was in error without identifying any legal or factual basis for her claim.
21 Further, Rhodes-Lyons cites to several federal statutes that have no bearing on the present action.
22 As such, Rhodes-Lyons has failed to identify any actual error in the court's prior order.
23 Accordingly, the court shall deny her motion for reconsideration.
24 ///
25 ///
26

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #32) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE